UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MARTY LUKE, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| vs. | ) | No. 1:15 CV 239 CDP |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

Movant Marty Luke, through appointed counsel, seeks relief under 28 U.S.C. § 2255, relying on *Johnson v. United States,* 135 S.Ct. 2551 (2015). Luke was sentenced to 180 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. §924(3). The government opposes the motion on a number of grounds, including a procedural argument that Luke is really seeking relief under *Descamps v. United States,* 133 S.Ct. 2276 (2013) and *Mathis v. United States,* 136 S.Ct. 2243 (2106), which the government argues do not provide a basis for relief in this successive § 2255 motion.

I need not decide the procedural issue, however, because a case recently decided by the Eighth Circuit Court of Appeals, *United States v. Sykes,* No. 14-3139, 2016 WL 7383744 (8th Cir. Dec. 21, 2016) shows that Luke is not entitled to relief on the merits of his claim. *Sykes* held that Missouri's second-degree

burglary statute is a divisible statute that lists elements in the alternative, and that convictions for second degree burglary of a building are enumerated crimes of violence covered by the ACCA. Because Luke has more than three convictions for second degree burglary of a building, he is not entitled to relief.

## Background

Marty Luke pleaded guilty to being felon in possession of a firearm in 2007. Because he had more than three convictions for burglary, he qualified as a career offender and I sentenced him to the mandatory minimum term of 180 months imprisonment. He did not file a direct appeal, but he filed an earlier motion under 28 U.S.C. § 2255, Case No. 1:09CV52 CDP. In that earlier motion Luke argued that his counsel was ineffective and that he had been mentally incompetent during the earlier proceedings. After an evidentiary hearing which included testimony from two expert witnesses as well as from Luke and his former lawyer, I denied the motion. That denial was affirmed by the Court of Appeals. *United States v. Luke,* 686 F.3d 600 (8th Cir. 2012).

After the Supreme Court decided *Johnson,* Luke sought permission to file a successive § 2255 motion to argue for relief under that case, and the Eighth Circuit Court of Appeals granted that request. Appointed counsel filed an amended motion. Under the procedure established by our Court, I directed the United States Probation Office to prepare a resentencing report. That report concluded

that Luke remains a career offender. Both the government and Luke's counsel have filed further briefs on the issue, which I have fully considered.

## Discussion

The Armed Career Criminal Act, 18 U.S.C. §924(e), enhances the sentences in felon in possession cases from a ten-year maximum to a fifteen-year mandatory minimum if a defendant has three previous convictions for a "violent felony." The statutory definition of violent felony includes any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion set out above is referred to as the residual clause, while the listed crimes of burglary, arson, or extortion are often called the "enumerated" crimes.

In *Johnson v. United States*, 135 S.Ct. 2551 (2015) the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. Luke argues here that he is entitled to relief under *Johnson* because his prior convictions under Missouri's second-degree burglary statute, § 569.170, R. S. Mo., were considered crimes of violence under the now-invalidated residual clause of the ACCA. At the time of his sentencing, of course, neither the presentence report nor the court specified how his priors qualified him under the statute.

Missouri's second-degree burglary statute includes unlawful entry into buildings or inhabitable structures, but an inhabitable structure is defined as a "ship, trailer, sleeping car, airplane or other vehicle or structure." § 569.010(2), R. S. Mo. Luke argues here that his second degree burglary convictions must have been considered as falling under the residual clause because the Missouri burglary statute is broader than generic burglary and the statute merely provides different means of committing the crime. *See Mathis v. United States,* 136 S.Ct. 2243 (2016). The government argues that this *Mathis*-related argument cannot be raised on this successive § 2255 motion.

I need not consider this procedural argument because the recent Eighth Circuit case of *United States v. Sykes,* No. 14-3139, 2016 WL 7383744 (8th Cir. Dec. 21, 2016) precludes any relief for Luke. In that case the Court of Appeals had earlier concluded that the prior convictions under § 569.170 qualified under the ACCA, *United States v. Sykes,* 809 F.3d 435 (2016), but the Supreme Court granted certiorari and vacated that decision and remanded for further consideration in light of *Mathis.* 137 S.Ct. 124 (2016). On remand, the Eighth Circuit held that Sykes's convictions for second degree burglary of a building qualified under the ACCA. *Sykes*, 2016 WL 7383744 at *2. The Court reasoned that although the statute was broader than generic burglary, it was divisible and listed different elements, not simply different means for committing the crime. Because it was

4

divisible, it was appropriate to apply the modified categorical approach and look at the charging documents, which showed that Sykes had been charged with burglarizing a building, and not merely an "inhabitable structure." *Id.*

*Sykes* resolves the issue presented here. Luke has more than three convictions for second-degree burglary in which he was specifically charged with burglary of a building. These convictions required that he be sentenced to a minimum of fifteen years under the Armed Career Criminal Act. He is not entitled to any relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion and amended motion to vacate, set aside or correct sentence [1, 14] are denied.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket a copy of this Memorandum and Order in Luke's Criminal Case No. 1:07CR178 CDP.

A separate judgment in accord with this Order is entered in this case today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2016.